GLADNEY, judge
(dissenting).
I respectfully dissent from the majority view. The record, in my opinion, clearly reflects that when Coco permitted the subject automobile to be returned to plaintiff within a day or so after January 7, 1955, plaintiff’s account was delinquent by one payment due January 6th. Coco permitted the car to leave the premises where it was stored by defendant’s representative, Loving, under an error of fact, in that Coco believed the one payment made the account current. Coco was without authority to modify the condition for the release of the automobile which was well understood by plaintiff. When Loving returned March 8th after an - extended absence, he found plaintiff had not made the account current by January 14, 1955, and Coco in error had permitted the car to be removed from storage. This suit was filed on the 24th of March, 1955, some sixteen days after *182 Loving took possession of the vehicle as he had a right to do under the agreement of release. Plaintiff’s petition admits that at the time the suit was filed a balance of $71.73 was still due on plaintiff’s note. At the same time the account was also delinquent.
I am of the opinion Loving was acting in accordance with a valid agreement with plaintiff.
Rehearing denied; GLADNEY, J., dissenting.